UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

DUNKIN' DONUTS FRANCHISED RESTAURANTS
LLC, et al.,

                        Plaintiffs,    ORDER

        - against -            CV 2007-4027 (ENV)(MDG)

GRAND CENTRAL DONUTS, INC., et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - -X

This order concerns subpoenas served on:

   Arvinder Kaur and Maria Brodsky.

- - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Craig P. Miller, an attorney with Gray, Plant, Mooty, Mooty & Bennett, P.A., the attorneys for plaintiffs, has moved by letter application dated January 30, 2009 seeking: 1) to compel Arvinder Kaur and Maria Brodsky (the "non-parties") to comply with subpoenas requiring them to produce documents; 2) an order of contempt; and 3) their attorneys' fees and costs in bringing this motion. See letter to Court dated January 30, 2009 from Craig P. Miller (ct. doc. 32).

    The first set of subpoenas at issue was served upon the non-parties on or about April 5, 2008 seeking, inter alia, all "notes, letters, correspondence, memoranda, telephone messages, electronic mail messages, calendar entries or other documents,

whether handwritten or otherwise, exchanged between [Kaur or Brodsky] and [defendant Rajan Patiwana]." See id., Exh. A. Following negotiations between plaintiffs' counsel and counsel for the non-parties, it was agreed that the non-parties would produce all documents exchanged between Patiwana and Kaur and Patiwana and Brodsky that relate to any business dealings between them. See id., Exh. E. On May 2, 2008, a second set of subpoenas was served upon the non-parties seeking their personal tax returns for the period January 1, 2001 to the present and the back-up documentation that was relied upon for the preparation of those tax returns. See id., Exh. B.

On May 5, 2008, I stayed discovery in this action pending settlement discussions between the parties. See endorsed order dated May 5, 2008. After those settlement discussions reached an impasse, I vacated the stay of discovery on November 20, 2008. See endorsed order dated November 20, 2008.

Under the circumstances presented, I find that plaintiffs' motion is premature. Although the non-parties were represented by an attorney, Matthew Brozik, in April and May 2008 when they were served with the subpoenas, Mr. Brozik does not currently represent them. See letter to Court dated February 3, 2009 from Matthew Brozik (ct. doc. 34); letter to Court dated February 13, 2009 from Matthew Brozik (ct. doc. 36). Plaintiffs' submission provides no indication that they served the non-parties with the instant motion nor made any attempt to notify the non-parties

that the stay of discovery in this case has been vacated. Accordingly, the plaintiffs are directed to serve their motion papers immediately upon the non-parties and the non-parties are directed to either respond to the instant motion or comply with the subpoenas by March 20, 2009.

Regarding the second set of subpoenas, the parties are advised that "[c]ourts have been reluctant to require disclosure of tax returns because of both the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns." Ellis v. City of New York, 243 F.R.D. 109, 111-12 (S.D.N.Y. 2007) (internal quotation marks omitted); Rahman v. Smith and Wollensky Rest. Group, Inc., No. 06 CIV. 6198, 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007). In order to compel disclosure, the moving party must demonstrate both the relevance of the information sought and a compelling need for the information. See id. Plaintiffs are cautioned that they should keep these considerations in mind with respect to any future motion to compel and any preceding attempts to resolve disputes over the subpoenas.

CONCLUSION

For the foregoing reasons, plaintiffs' motion is denied without prejudice. Plaintiffs are directed to serve copies of their motion papers and this order by overnight mail upon the non-parties.

**SO ORDERED.**

Dated: Brooklyn, New York
February 27, 2009

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE