UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, et al.,

Plaintiffs,

ORDER

- against -

CV 2007-4027 (ENV)(MDG)

GRAND CENTRAL DONUTS, INC., et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - -X

This order concerns subpoenas served on:

Arvinder Kaur and Maria Brodsky.

- - - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

Craig P. Miller, an attorney with Gray, Plant, Mooty, Mooty & Bennett, P.A., the attorneys for plaintiffs, has moved by letter application dated March 17, 2009 seeking: 1) to compel Arvinder Kaur and Maria Brodsky (the "non-parties") to comply with two separate subpoenas requiring them to produce certain documents, including copies of their personal tax returns; 2) an order of contempt of court for failure of the non-parties to comply with the subpoenas; and 3) attorneys' fees and costs in bringing this motion. See letter to Court dated March 17, 2009 from Craig P. Miller (ct. doc. 40). This Court previously denied plaintiffs' motion without prejudice and directed plaintiffs to serve copies of their motion papers and the Court's

order upon the non-parties. See order dated February 27, 2009 (the "2/27/09 Order") (ct. doc. 38). The non-parties have since filed objections to the subpoenas (ct. docs. 44, 45) and the defendants have cross-moved to quash (ct. doc. 39).

## BACKGROUND

As set forth in the 2/27/09 order, the first set of subpoenas at issue was served upon the non-parties on or about April 5, 2008 seeking, inter alia, all "notes, letters, correspondence, memoranda, telephone messages, electronic mail messages, calendar entries or other documents, whether handwritten or otherwise, exchanged between [Kaur or Brodksy] and [defendant Rajan Patiwana]." See letter to Court dated January 30, 2009 from Craig P. Miller (ct. doc. 32), Exh. A. Following negotiations between plaintiffs' counsel and then counsel for the non-parties, it was agreed that the non-parties would produce all documents exchanged between Patiwana and Kaur and Patiwana and Brodsky (including, but not limited to, correspondence) that relate to any business dealings between them, including documents evidencing any exchange of money. See id., Exh. E.

On May 5, 2008, I stayed discovery in this action pending settlement discussions between the parties. See endorsed order dated May 5, 2008. After those settlement discussions reached an impasse, I vacated the stay of discovery on November 20, 2008. See endorsed order dated November 20, 2008.

Following the 2/27/09 Order, the non-parties each submitted a letter to the Court objecting to the subpoenas and stating that they have never had an ownership interest in any Dunkin' Donuts franchise. See letter to Court dated March 18, 2009 from Maria Brodsky (ct. doc. 44); letter to Court dated March 18, 2009 from Arvinder Kaur (ct. doc. 45).

## DISCUSSION

### Plaintiffs' Motion to Compel

First, plaintiffs argue that defendants have no standing to move to quash the subpoenas served on the non-parties.

"In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness." Longford v. Chrysler Motor Co., 513 F.2d 1121, 1126 (2d Cir. 1975); In re Flag Telecom Holdings, Ltd., Sec. Litig., No. 02 Civ. 3400, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006); Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004). However, several courts have found that a party has standing to challenge a non-party subpoena where the party has a sufficient privacy interest in the confidentiality of the records sought. See In re Flag Telecom, 2006 WL 2642192, at *2 (finding party had standing to challenge subpoena for party's financial records); Catskill Dev., L.L.C. v. Park Place Ent'mt Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 1994); Sierra Rutile Ltd. v. Katz, No. 90 Civ. 4913, 1994 WL 185751, at *2 (S.D.N.Y. May 11, 1994). I find that defendant Patiwana has a

sufficient privacy interest in the confidentiality of documents he exchanged with the non-parties concerning his financial affairs to have standing to challenge the first set of subpoenas. In contrast, he has no standing to object to the second set of subpoenas seeking the non-parties' personal tax returns.

In support of their claims that defendants made unauthorized transfers of ownership interests in violation of their franchise agreements, plaintiffs seek all documents exchanged between defendant Patiwana and the non-parties that relate to any business dealings, including documents evidencing an exchange of money between them. Such documents are clearly relevant to plaintiffs' claims. See Fed. R. Civ. P. 26(b)(1) (permitting party "to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party"). Moreover, when they were represented by counsel, the non-parties had previously agreed to produce such documents. Therefore, the non-parties are ordered to produce any documents exchanged between themselves and defendant Patiwana between 2002 and 2007 that relate to any business or financial dealings.[1]

In the second set of subpoenas served on the non-parties, plaintiffs seek copies of the non-parties' personal tax returns. While it is well-settled that tax returns in the possession of the taxpayer are not immune to civil discovery, courts are

---

[1] Defendant Patiwana entered into a development agreement on behalf of defendant Manav Enterprises, Inc. in 2002. See ct. doc. 32 at 3; Complaint at ¶ 49.

cautious in ordering their production because of “the private nature of the sensitive information contained therein and the public interest in encouraging the filing by taxpayers of complete and accurate returns.” Ellis v. City of New York, 243 F.R.D. 109, 111-12 (S.D.N.Y. 2007) (internal quotation marks omitted); Rahman v. Smith and Wollensky Rest. Group, Inc., No. 06 CIV. 6198, 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007). Courts have ordered such disclosure only upon satisfaction of a two-prong test: (1) relevance to the subject matter of the action, and (2) existence of a compelling need because the information is not readily obtainable from a less intrusive source. Sadofsky v. Fiesta Products, LLC, 252 F.R.D. 143, 149 (E.D.N.Y. 2008); Carmody v. The Village of Rockville Center, No. CV-05-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007). Where confidential documents such as tax returns are sought from a non-party, the request is given careful scrutiny. U.S. v. Monumental Life Ins. Co., 440 F.3d 729, 735 (6th Cir. 2006); U.S. v. Gammo, 428 F. Supp. 2d 705, 708 (E.D. Mich. 2006).

Plaintiffs argue that the personal tax returns of the non-parties are directly relevant because they would show whether Kaur and Brodsky had an ownership or financial interest in any of the corporate defendants and when such interest was obtained. This Court agrees that the information sought may be relevant.

To satisfy the second prong of the test, a party must show that it attempted to obtain the requested information through the

discovery of other documentary evidence such as financial records or through the use of any other less intrusive discovery device. Fierro v. Gallucci, No. CV-06-5189, 2009 WL 606191, at *2 (E.D.N.Y. Mar. 9, 2009); Carmody, 2007 WL 2042807, at *3. For example, a deposition or affidavit are less intrusive means to obtain the information sought. See Collens v. City of New York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004). However, since the non-parties have already denied having any interest in any Dunkin' Donuts franchise and have thus far refused to provide any other potentially relevant documentation, plaintiffs have little alternative here. Nonetheless, a more limited production of tax returns showing interest income and income from partnerships would suffice to enable plaintiffs to test the accuracy of the non-parties' denial of any financial interest in the franchises at issue. Accordingly, the non-parties must produce copies of any Schedule B and Schedule K-1 they filed with their tax returns for the years 2002-2007.

Motion for Contempt, Attorneys' Fees and Costs

Plaintiffs further seek an order of contempt and attorneys' fees and costs for the expense of making this motion. Rule 45(e) provides the only authority in the Federal Rules of Civil Procedure for imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum. See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983); Continental Ins. Co. v. Atlantic Casualty Ins. Co., No. 07 Civ.

3635, 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008); PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002). Rule 45(e) gives district courts the power to hold a nonparty in civil contempt if that nonparty "having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).

As discussed in the 2/27/09 order, there has been no showing that plaintiffs contacted the non-parties to inform them that the stay of discovery was lifted in November 2008. In addition, the non-parties submitted timely responses to the 2/27/09 Order. See Continental Ins., 2008 WL 3852046, at *2 (requiring violation of a court order to impose sanctions on a non-party); Cruz v. Meacham, 159 F.R.D. 366, 368 (D. Conn. 1994). Further, because the plaintiffs' motion to compel is granted only in part, I find that an award of expenses would be unjust.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is granted in part and denied in part, plaintiffs' motion for contempt and for sanctions is denied and defendants' cross-motion to quash is denied. The non-parties must produce the documents as discussed herein by May 1, 2009.

**SO ORDERED.**

Dated: Brooklyn, New York
April 9, 2009

/s/
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE