**MINUTE ORDER**

**Dunkin Donuts Franchised Restaurants LLC, et al. v. Grand Central Donuts, Inc., et al., 07cv4027 (ENV)(MDG)**

This order recapitulates the rulings made on the record at a conference on May 29, 2009 regarding defendants' motions to quash non-party subpoenas [47, 48], plaintiffs' motion to compel [61] and defendants' motions to compel [62, 63, 64].

1. Defendants' motions to quash non-party subpoenas served on Pradeep Gosalia, Vijay Shah and Dipesh Doshi are granted in part and denied in part. The scope of the subpoenas is limited in accordance with the Court's 4/9/09 order to any Schedule B and Schedule K-1 they filed during the relevant time period and documents exchanged between the non-parties and the defendants regarding any business dealings between them, including any exchange of money other than paychecks. The non-parties must produce the documents by June 19, 2009.

2. Plaintiffs' motion to compel is granted in part and denied in part as set forth below.

    a. Defendant Manav Enterprises must produce its 2002-2006 tax returns but limited with plaintiffs' consent to the portions that identify its shareholders.

    b. Plaintiffs' motion is denied as to the corporate defendants' 2007 tax returns.

    c. Plaintiffs' motion is denied as to the individual defendants' tax returns.

    d. Defendants must identify by bates stamp number the documents produced in response to request nos. 16 and 20 of Plaintiffs' First Set of Document Requests.

    e. Plaintiffs' motion is denied without prejudice as to documents generated from defendants' accountant's software.

    f. Defendants' must produce documents responsive to request nos. 1-3 of Plaintiffs' Second Set of Document Requests and request nos. 1-16 of Plaintiffs' Third Set of Document Requests in accordance with the Court's 4/9/09 order.

3. Defendants' motion to compel is granted in part and denied in part.

   a. Plaintiffs must produce drafts of the franchise agreement.

   b. Plaintiffs must produce documents responsive to request nos. 34, 85-87 and 90-91 of Defendants' First Set of Document Requests but limited to the stores and proposed stores encompassed in the area bound by the next commercial boulevard running parallel and extending five to ten blocks on either end of the areas covered by the Store Development Agreement as discussed at the conference.

   c. Plaintiffs must produce documents responsive to Document Request No. 89 but limited to the criteria used for approving franchises proposed by existing franchisees that were applicable in New York City and Long Island from 2002-2007.

4. Decision is reserved as to the remaining issues raised in defendants' motions to compel.

5. Written submissions by the parties on the substantive law that should apply to the claims and counter-claims are due on 6/5/09 and responses on 6/11/09.

   **SO ORDERED.**

Dated:   Brooklyn, New York
         May 29, 2009

                                    _____/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE