**MINUTE ORDER**

**Dunkin Donuts Franchised Restaurants LLC, et al., v. Grand Central Donuts, Inc., et al., 07cv4027 (ENV)(MDG)**

This order recapitulates the rulings made on the record at a conference on October 19, 2009 regarding defendants' motions to compel [76, 84] and plaintiffs' motion to compel [81]. Plaintiff's relevancy objections were largely addressed by this Court in an order dated June 19, 2009. The Court finds no reason to modify the prior finding that information concerning plaintiffs' alleged bad faith in terminating defendants' franchises is relevant to defendants' counterclaims. Accordingly, the Court determines as follows:

1.  Defendants' motion to compel [76] documents and responses to interrogatories is granted in part and denied in part.

    a.  Plaintiffs' objection on the ground that the interrogatories at issue violate Rule 33(a)(1)'s presumptive limit of 25 interrogatories is overruled.

    b.  The "relevant time period" for purposes of defendants' motion to compel is limited to the period from 2004 through 2007.

    c.  Plaintiffs' objections to Document Demand No. 2 and Interrogatory No. 3 are sustained as those discovery requests are formulated, but plaintiffs must produce all notices of termination issued to its franchisees and investigative reports created by its loss prevention department concerning the mischaracterization of 1099 income by its franchisees. In addition, as discussed at the June 18, 2009 conference, the defendants may explore this topic at 30(b)(6) depositions.

    d.  Plaintiffs' must respond to Document Demand Nos. 3 and 4 and Interrogatory Nos. 4-10 to the extent they relate to termination notices or written notifications to franchisees that plaintiffs would proceed to terminate the franchise unless it was sold or transferred. Plaintiffs' may avail themselves of the option provided by Rule 33(d) in responding to the interrogatories at issue.

    e.  Plaintiffs' must respond to Document Demand No. 8 and those portions of Document Demand No. 5 and Interrogatory No. 11 that seek information regarding fees and revenue but need not produce information

regarding costs and expenses.

 f. The motion to compel responses to Document Demand Nos. 6 and 7 and Interrogatory Nos. 13 and 14 is moot in light of plaintiffs' response to Interrogatory Nos. 13 and 14.

 g. Plaintiffs' must produce the documents and information discussed above by 11/6/09.

 h. Plaintiffs' must produce emails responsive to defendants' document requests by 10/23/09.

2. Defendants' motion to compel [84] is granted in part and denied in part on consent as discussed at the conference.

 a. Plaintiffs must produce manuals that were in effect between 2004 and 2007 by 11/6/09.

 b. Plaintiffs must provide a privilege log by 10/23/09.

3. Plaintiffs' motion to compel [81] is denied without prejudice for the parties to discuss whether the pertinent information has previously been produced.

**SO ORDERED.**

Dated: Brooklyn, New York
   October 21, 2009

              /s/
              MARILYN D. GO
              UNITED STATES MAGISTRATE JUDGE